IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lonnie Herbie Taylor, Jr., ) | |
| ) | Cr. No. 0:95-837 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

  Movant Lonnie Herbie Taylor, Jr. is a federal inmate currently housed at USP Lee in Pennington Gap, Virginia. On July 1, 2019, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. On September 18, 2019, Respondent United States of America (the "government") filed a motion to dismiss or for summary judgment. By order also filed September 18, 2019, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition to Respondent's motion on December 2, 2019.

I. FACTS AND PROCEDURAL HISTORY

  In January 1995, Movant and three co-defendants were arrested and charged with the armed robberies of (1) the Riverside Laundromat in Rock Hill, South Carolina, on December 7, 1994; (2) Sylvia's Mini-Mart in Fort Mill, South Carolina, on December 13, 1994; (3) Tripp's Convenience Store in Rock Hill, South Carolina, on December 22, 1994; and (4) Gully Jumpers Convenience Store in Rock Hill, South Carolina, on December 29, 1994. An individual at Sylvia's Mini-Mart died after being shot by a shotgun fired by one of Movant's co-defendants during the course of the robbery. The total loss for all four robberies was $4,273 in cash and a Beretta .22 caliber automatic

pistol that was stolen from Gully Jumper's Convenience Store.

On December 14, 1995, Movant entered a plea of guilty to a superseding information charging Movant with conspiracy to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in 18 U.S.C. § 1951(b)(3) by robbery, in violation of 18 U.S.C. § 371 (Count 1) (conspiracy to commit Hobbs Act robbery); and to an indictment charging him of knowingly using and carrying a firearm during and in relation to a crime of violence, that is, obstruction of interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a), all in violation of 18 U.S.C. §§ 924(c) and 2 (Counts 4 and 10) (Hobbs Act robbery).

A presentence report (PSR) was prepared that placed Movant at a base offense level of 20 under U.S.S.G. § 2B2.3. Movant's offense level was increased by 6 levels under U.S.S.G. § 2B3.1(b)(3)(C) because a victim suffered permanent bodily injury, for a total offense level of 26. Movant's criminal history score was 6, for a criminal history category of III. Movant's guidelines range was 78-97 months for Count 1; however, the guidelines range was limited to the statutory maximum sentence under 18 U.S.C. § 371 of 60 months. The statutory sentence under 18 U.S.C. § 924(c)(1), as in effect at the time of sentencing, as to Count 4 was a mandatory term of not less than 5 years (60 months) to run consecutively to any other term of imprisonment. The statutory sentence under § 924(c)(1), as in effect at the time of sentencing, for Ground 10 was 20 years (240 months), to run consecutive to any other term of imprisonment. Movant was sentenced on January 16, 1996 to 360 months incarceration, consisting of 60 months as to Count 1 of the Superseding Information; 60 months incarceration as to Count 4 of the indictment, and 240 months incarceration as to Count 10 of the indictment, all to run consecutively to each other. Judgment was entered on January 17, 1996. Movant timely appealed. On June 17, 1996, the Court of Appeals for the Fourth

Circuit dismissed Movant's appeal.

Movant now asserts the following ground for relief pursuant to § 2255:

GROUND ONE: Conspiracy to commit Hobbs Act robbery is not a crime of violence under the residual clause of § 924(c)(3)(B).

GROUND TWO: 924(c)(3)(b) is unconstitutionally vague and Movant is actually innocent of the 924(c) charge.

ECF No. 143-1, 4-5.

## II. DISCUSSION

Movant bases his grounds for relief on Johnson v. United States, 576 U.S. 591 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). In Johnson, the United States Supreme Court addressed the term "violent felony" in the Armed Career Criminal Act of 1984 ("ACCA"). Pursuant to 18 U.S.C. § 924(e)(2)(B), a "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

The Court observed that the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" offered no reliable manner about how to estimate the risk posed by a crime or how much risk it takes for a crime to qualify as a violent felony. Johnson, 576 U.S. at 597. The Court concluded that the indeterminacy of the wide-ranging inquiry required by the residual clause both denied fair notice to defendants and invited arbitrary enforcement by judges. Id.

In <u>Dimaya</u>, the Court addressed the constitutionality of the term "crime of violence" within the meaning of the Immigration and Nationality Act ("INA"). The INA provides that any alien convicted of an "aggravated felony" after entering the United States would be deported. 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1229b(a)(3), (b)(1)(C). The term "aggravated felony" incorporated the definition of a "crime of violence" under 18 U.S.C. § 16, which provides:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Court applied <u>Johnson</u> to find that the residual clause of § 16 suffered from the same infirmities as § 924(e)(2)(B) because "a court must not only identify the conduct typically involved in a crime, but also gauge its potential consequences." 138 S. Ct. at 1208.

In his § 2255 motion, Movant challenges the residual clause found in 18 U.S.C. § 924(c)(3), which at the time of sentencing provided:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[1]

Courts commonly refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B), the provision at issue here, as the "residual clause."

Movant argues that, for Hobbs Act conspiracy to qualify as a crime of violence under §

---

[1] The wording of § 924(c)(3) remains the same in the statute's current version.

924(c)(3)(A)'s force clause, the offense must have had an element of "violent force," which is "strong physical force" that is capable of causing physical pain or injury to another person. ECF No. 143, 8 (citing Johnson, 559 U.S. at 140). Movant asserts that Hobbs Act conspiracy does not meet this requirement because the conspiracy can be accomplished in a manner that does not require the use, attempted use, or threatened use of strong physical force against another. Id. Thus, Movant contends he is "actually innocent" of his § 924(c) convictions.

Movant is correct that Hobbs Act conspiracy is not a crime of violence within the meaning of § 924(c)(3)(B). In United States v. Simms, 914 F.3d 229 (4th Cir. 2019), the defendant, similarly to Movant, pleaded guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count I), and brandishing a firearm during and in relation to a crime of violence – Hobbs Act conspiracy – in violation in violation of 924(c)(1)(A) (Count II). The defendant argued at sentencing that his conviction under Count II was unconstitutional because Hobbs Act conspiracy is not a "crime of violence" in light of Johnson. On appeal, the Fourth Circuit found that an agreement with another to commit actions that, if realized, would violate the Hobbs Act, did not invariably require actual, attempted, or threatened use of force. Simms, 914 F.3d at 233-34. Thus, the Fourth Circuit determined that the defendant's sentence could only be upheld if the defendant's Hobbs Act conspiracy offense constituted a crime of violence under the residual clause.

The Fourth Circuit held that the residual clause was unconstitutionally vague under Dimaya and Johnson. Simms, 914 F.3d at 252. According to the Fourth Circuit, "Section 924(c)(3)(B) is, in other words, the last Johnson domino to fall. In striking it down, we leave intact the balance of the definition of 'crime of violence' and the entirety of the definition of 'drug trafficking crime' in § 924(c)." Simms, 914 F.3d at 252.

Subsequent to <u>Simms</u>, the Supreme Court considered <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019). In <u>Davis</u>, the defendants were charged with multiple counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, as well as additional charges for using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, any federal crime of violence. Consistent with <u>Johnson</u> and <u>Dimaya</u>, the Court held that § 924(c)(3)(B) is unconstitutional. According to the Court, the phrase referencing felonies "that by [their] nature, involv[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense[] . . . provides no reliable way to determine which offenses qualify as crimes of violence and thus [the phrase] is unconstitutionally vague." <u>Davis</u>, 139 S. Ct. at 2323-24. The government responds that <u>Davis</u> and <u>Simms</u> do not provide Movant relief because the predicate § 924(c) felonies to which he pleaded guilty were Counts 4 and 10 charging Hobbs Act robbery, and not Hobbs Act conspiracy. Counts 4 and 10 of the indictment filed September 13, 1995, read:

COUNT 4

THE GRAND JURY FURTHER CHARGES:

    That on or about December 7, 1994, in the District of South Carolina, the defendants, JEFFREY MCDONALD THOMAS, LONNIE HERBIE TAYLOR, JR., and SCOTTY DEWAYNE SANDERS, did knowingly use and carry a firearm, during and in relation to a crime of violence which is prosecutable in a court of the United States, that is, the obstruction of interstate commerce by robbery, in violation of Title 18, United States Code, Section 1951(a);

    All in violation of Title 18, United States Code, Sections 924(c) and 2.

    . . . .

COUNT 10

THE GRAND JURY FURTHER CHARGES:

That on or about December 22, 1994, in the District of South Carolina, the defendant, LONNIE HERBIE TAYLOR, JR., aided and abetted by the defendants SCOTTY DEWAYNE SANDERS and DARRELL KEITH EVANS, did knowingly use and carry a firearm during and in relation to a crime of violence which is prosecutable in a court of the United States, that is, the obstruction of interstate commerce by robbery, in violation of Title 18, United States Code, Section 1951(a);

In violation of Title 18, United States Code, Sections 924(c) and 2.

ECF No. 1.

By contrast, Count 1 of the Superseding Information filed December 14, 1995, the conspiracy to commit Hobbs Act robbery charge upon which Movant relies, does not reference § 924(c):

COUNT 1

THE UNITED STATES ATTORNEY CHARGES:

From on or about December 7, 1994, to on or about September 13, 1995, in the District of South Carolina, the defendant LONNIE HERBIE TAYLOR, JR., along with other persons both known and unknown to the grand jury, did knowingly, intentionally and unlawfully conspire to obstruct, delay and affect commerce as that term is defined in Section 1951(b)(3) of Title 18, United States Code, and the movement of articles and commodities in commerce, by robbery, that is, by taking and obtaining the personal property of certain stores which do business in interstate commerce, from the person and the presence of employees of those business, against their will and by means of actual and threatened force, violence, and fear of immediate and future injury.

. . . .

All in violation of Title 18, United States Code, Section 371.

Thus, although Movant is correct that conspiracy to commit Hobbs Act robbery is not a crime of violence (Ground One) and § 924(c)(3)(B) is unconstitutionally vague (Ground Two), he is not "actually innocent" of the § 924(c) charge. The Fourth Circuit held that Hobbs Act robbery

7

constitutes a crime of violence in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019). The Fourth Circuit explained:

> The Hobbs Act penalizes a person who "in any way or degree obstructs, delays, or affects commerce . . . by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section." 18 U.S.C. § 1951. "Robbery" is defined, in relevant part, as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." Id. § 1951(b)(1) (emphasis added).
>
> The question whether Hobbs Act robbery, when committed by means of causing fear of injury, qualifies as a crime of violence is guided by our decision in [United States v. ]McNeal, 818 F.3d 141 [(4th Cir. 2015)]. In McNeal, we held that the crime of federal bank robbery, which may be committed by "force and violence, or by intimidation," 18 U.S.C. § 2113(a) (emphasis added), qualifies as a crime of violence under the force clause. 818 F.3d at 152–53. We explained that the use of intimidation, as proscribed by the bank robbery statute, necessarily "involves the threat to use [physical] force." Id. at 153. Although the bank robbery statute, Section 2113, refers to use of "intimidation," rather than "fear of injury," we see no material difference between the two terms for purposes of determining whether a particular type of robbery qualifies as a crime of violence. Nor are we aware of any case in which a court has interpreted the phrase "fear of injury" as meaning anything other than intimidation.
>
> We also observe that both Section 924(c) and Hobbs Act robbery reference the use of force or threatened use of force against "property" generally, without further defining the term "property." Compare 18 U.S.C. § 924(c)(3)(A) (defining a "crime of violence" as having "as an element the use, attempted use, or threatened use of physical force against . . . property of another"), with 18 U.S.C. § 1951 (defining "robbery" as a taking "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his . . . property"). And neither provision draws any distinction between tangible and intangible property. Thus, we do not discern any basis in the text of either statutory provision for creating a distinction between threats of injury to tangible and intangible property for purposes of defining a crime of violence. Accordingly, we conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).

Mathis, 932 F.3d at 266.[2]

---

[2] The Fourth Circuit ruled that Hobbs Act robbery does not qualify as a crime of violence under the career offender guidelines set forth in the United States Sentencing Guidelines Manual, §4B1.2.

8

In response, Movant asserts that when he entered into the plea agreement in 1995 he did not understand the § 924(c) charges correctly; was not properly made aware of the nature of those charges by the court, defense counsel, or the government; and was misinformed about the elements of those charges. The court notes that the Indictment set out the mandatory statutory penalties for 18 U.S.C. § 924(c) as being imprisonment for five years, in addition to any other term of imprisonment, and, for a second conviction, a term of imprisonment of twenty years in addition to any other term of imprisonment. These are the exact sentences imposed. Although the transcript of the plea colloquy is not available, the court has no hesitation in finding that the presiding judge at the hearing, the Honorable Matthew J. Perry, Jr., would have thoroughly queried Movant about his understanding of the indictment and plea agreement. The court concludes that Movant has not demonstrated "actual innocence" of the § 924(c) offenses.

### III.  CONCLUSION

For the reasons stated, Respondent's motion to dismiss or, in the alternative, for summary judgment (ECF No. 158) is **granted**. Movant's § 2255 motion (ECF No. 143) is **denied and dismissed**, with prejudice.

### IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district

---

This is because Hobbs Act robbery may be committed by using force or threats against another person or property, while the Sentencing Guidelines require force or threats against another person. United States v. Green, No. 19-4703, 2021 WL 1679896 (4th Cir. Apr. 2021). Green has no application to Movant's statutory mandatory sentence.

9

court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

                                      /s/ Margaret B. Seymour
                                      Senior United States District Judge

Columbia, South Carolina

May 18, 2021